**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

July 24, 2017

Charles K. Angwenyi
320 Renner Avenue
Newark, NJ 07102
*Plaintiff Pro Se*

Amy Z. Synder, Esq.
Eckert Seamans Cherin & Mellott, LLC
50 South 16th Street, 22nd Floor
Philadelphia, PA 19102
*Counsel for Defendant*

### LETTER OPINION FILED WITH THE CLERK OF THE COURT

**Re:   Angwenyi v. Bombardier Transportation (Holdings) USA, Inc.
        Civil Action No. 17-1873 (SDW) (LDW)**

Litigants:

Before this Court is Defendant Bombardier Transportation (Holdings) USA, Inc.'s ("Bombardier" or "Defendant") Motion to Dismiss Plaintiff Charles K. Angwenyi's ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). This Court having considered the parties' submissions, and having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure 78, for the reasons discussed below, **DENIES** Defendant's motion.

### DISCUSSION

A.

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an

entitlement to relief"). In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) (discussing the *Iqbal* standard).

B.

Plaintiff was employed by Defendant as an HVAC technician from February 10, 2014 until August 26, 2014. (Compl. at 2, 5.) Plaintiff alleges that Defendant discriminated against him because of his religious beliefs by scheduling him to work on his Sabbath in violation of the New Jersey Law Against Discrimination ("LAD"). (Compl. *passim*.) On December 10, 2014, after he was terminated by Defendant, Plaintiff filed a Charge of Discrimination pursuant to Title VII with the Equal Employment Opportunity Commission ("EEOC") and the New Jersey Division on Civil Rights ("DCR"). (Snyder Cert. Ex. B.) On March 26, 2015, the EEOC sent Plaintiff a Notice of Dismissal and Right to Sue letter. (Snyder Cert. Ex. C.) Plaintiff moved for reconsideration and the EEOC denied his request on May 18, 2015. (Snyder Cert. Ex. D.) On June 22, 2015, Plaintiff asked the DCR to review the EEOC dismissal. (*Id.* Ex. D.) While that review was still pending, Plaintiff filed a two-count Complaint pursuant to the LAD in the Superior Court of New Jersey on August 24, 2016. (Snyder Cert. Ex. A.) Defendant removed that suit to this Court on March 21, 2017, and on May 1, 2017, filed the instant motion to dismiss arguing that the pending DCR review barred Plaintiff from filing suit in any court. (Dkt. Nos. 1, 8.) On June 21, 2017, the DCR administratively closed Plaintiff's case, at his request. (Dkt. No. 11 at 2.)

The LAD "requires a complainant to make an election of remedies between either the DCR or the Superior Court." *Hernandez v. Region Nine Hous. Corp.*, 684 A.2d 1385, 1390 (N.J. 1996). Where "a plaintiff elects the administrative remedy . . . that proceeding 'shall, while pending, be exclusive.'" *Wilson v. Wal-Mart Stores*, 729 A.2d 1006, 1009 (N.J. 1999) (internal citation omitted); *see also Collado v. B'Way Corp.*, Civ. No. 16-604 (JLL), 2016 WL 1572541, at *6 (D.N.J. Apr. 19, 2016) (dismissing Plaintiff's action where "Plaintiff's DCR Charge remain[ed] pending"). Here, once the DCR closed Plaintiff's case, that bar to Plaintiff's state law claims ceased to exist.[1]

---

[1] Any claims under Title VII, however, are time-barred. As noted in the March 26th EEOC letter, Plaintiff had ninety (90) days after the conclusion of the EEOC's investigation to bring suit pursuant to Title VII. (*See* Snyder Cert. Ex. C (stating explicitly that "you may only pursue this matter by filing suit against the Respondent named in the charge with[in] 90 days of receipt of said notice"); *see also Mosel v. Hills Dep't Store, Inc.*, 789 F.2d 251, 252 (3d Cir. 1986)). Using either the date upon which the EEOC issued its Notice of Dismissal and Right to Sue letter (March 26, 2015) or the date upon which the EEOC denied Plaintiff's motion for reconsideration (May 18, 2015), Plaintiff is precluded from raising Title VII claims now.

3

**CONCLUSION**

       Defendant's Motion to Dismiss the Complaint will be **DENIED**. An appropriate order follows.

       /s/ Susan D. Wigenton

       SUSAN D. WIGENTON, U.S.D.J

Orig:  Clerk
cc:    Parties
       Leda D. Wettre, U.S.M.J.